UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>ANDREW T. ROSE,<br><br>               Defendant. | Criminal Action No. 6:24-CR-022-CHB-HAI-1<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on Defendant Andrew T. Rose's motion to remain on release pending sentencing. [R. 16]. The United States filed a response. [R. 17]. Rose did not file a reply, and the time to do so has expired. *See* LCrR 47.1(d). The matter stands submitted to the Court. For the following reasons, Rose's motion will be denied.

### I.   Background

On April 12, 2024, the United States filed a notice in this action of its "intent to file information" and a motion for arraignment of Rose "with a felony violation." [R. 1]. On April 26, 2024, Rose appeared before United States Magistrate Judge Hanly A. Ingram for a hearing at which Rose waived an indictment, was arraigned on the charge in the Information (conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine), and consented to entering a plea of guilty before Magistrate Judge Ingram on that charge. *See* [R. 8]; *see also* [R. 7].

At that hearing, "[b]ased on the evaluation of the United States Probation Office and in the absence of any motion for detention," Magistrate Judge Ingram found "the conditions of release proposed by the US Probation Office [were] appropriate under the Bail Reform Act" and released

Rose on the terms and conditions set forth by separate order. *See* [R. 8]; *see also* [R. 11]. The minutes from Rose's hearing also noted that "defense counsel plan[ned] to seek release post-conviction." *See* [R. 8, p. 1].

Magistrate Judge Ingram's Recommendation of Acceptance of Guilty Plea was entered on April 26, 2024. [R. 12]. In addition to recommending that the Court accept Rose's guilty plea and adjudge "him guilty of the Information," the Recommendation acknowledged that "[t]he presiding District Judge will schedule a sentencing hearing and, as necessary, address Defendant's custodial status when considering this Recommendation." *Id.* at 2. The Recommendation gave the parties three days to file specific written objections. *Id.* at 3. When no objections were filed, and the time to do so had passed, the Court adopted the Recommendation by written order on April 30, 2024. *See* [R. 15].

A little over a week later, on May 8, 2024, Rose filed the present motion in which he requests to remain on release pending sentencing. [R. 16]. In his motion, Rose states: "While 18 U.S.C. §3143(a)(2) generally requires detention in these circumstances, Mr. Rose submits that exceptional reasons, as contemplated in 18 U.S.C. §3145(c), justify this request. Specifically, Mr. Rose has been dealing with various health issues, including recent surgery for removal of his gall bladder and extreme pain from a torn rotator cuff." *Id.* at 1. Rose also represented, and provided medical documentation for, a surgery for his shoulder scheduled for May 10, 2024. *See id.*; *see also* [R. 16-1]. The United States filed a response in opposition to Rose's motion and argues that Rose is not statutorily entitled to remain on release pending his sentencing date. [R. 17] (discussing 18 U.S.C. §§ 3142, 3143, 3145). Rose did not file a reply, and the time to do so under the Joint Local Rules has expired. *See* LCrR 47.1(d). The matter thus stands submitted for review.

**II.     Legal Standard and Analysis**

The Court must consider several statutes to evaluate Rose's request for relief. To begin, Rose pled guilty to one count of conspiring to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. *See* [R. 7]; *see also* [R. 8]; [R. 14]. By statute, an individual convicted of such an offense must be "sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." 21 U.S.C. § 841(b)(1)(B)(viii); *see also* 21 U.S.C. § 846. Rose's offense of conviction is therefore covered by 18 U.S.C. § 3142(f)(1)(C) as "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or chapter 705 of title 46."

Because Rose "has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142," 18 U.S.C. § 3143 provides a starting point for his request. That statute governs "[r]elease or detention of a defendant pending sentence or appeal" and states in relevant part:

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> > **(A)**
> >
> > > **(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> > >
> > > **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> >
> > **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Relatedly, 18 U.S.C. § 3145 governs "[r]eview and appeal of a release or detention order" and states in relevant part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).[1]

Importantly, "the relief under § 3145(c) is a limited exception to the general requirement of mandatory detention for persons convicted of offenses referenced in § 3143(a)(2)." *United States v. Christman*, 712 F. Supp. 2d 651, 653 (E.D. Ky. 2010) (end footnote omitted). "For instance, before the Court may begin the exceptional reasons analysis, the defendant must 'meet[] the conditions of release set forth in section 3143(a)(1).'" *Id.* at 653–54 (quoting 18 U.S.C. § 3145(c)). In this context, "[a] detainee satisfies the conditions of § 3143(a)(1) only if he can demonstrate 'by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released.'" *Id.* at 654 (quoting 18 U.S.C. § 3143(a)(1)).

"Moreover, even when there is solid assurance that the defendant will return for sentencing and will do no harm during the interim, § 3145(c) will provide infrequent relief." *Id.* "Through § 3143(a)(2), Congress has expressed a strong policy of requiring individuals found guilty of the

---

[1] Section 3143(a)(1) states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

enumerated offenses to be removed from society until the court imposes sentence." *Id.* And "[i]t is also apparent from the structure of § 3145(c) and its relationship to § 3143 that, at a minimum, exceptional reasons entail a showing that detaining the defendant through sentencing works a particular injustice." *Id.* "This is so because the district court can entertain an appeal premised on exceptional reasons only after it has declined to release a defendant under one of the exceptions to mandatory detention specified in § 3143(a)(2)." *Id.* "These exceptions apply only when the guilty defendant shows by clear and convincing evidence that he is not a flight or danger risk and there is either a substantial likelihood of success on a motion for acquittal or new trial or where counsel for the government recommends no sentence of imprisonment." *Id.*

Rose cannot satisfy the statutory requirements to entitle him to release pending sentencing. First, even assuming Rose is not a flight or danger risk, the Court cannot say on the present record that there is a "substantial likelihood" that a motion for acquittal or for a new trial by Rose would be granted, and counsel for the government has *not* recommended that no sentence of imprisonment be imposed. *See* [R. 13, ¶ 5] (plea agreement contains recommendations on the sentencing guidelines). Thus, Rose's presentence detention is required by statute. 18 U.S.C. § 3143(a)(2)(A)(i)–(ii). He recognizes as much in his present motion. *See* [R. 16, p. 1] (noting that "18 U.S.C. §3143(a)(2) generally requires detention in these circumstances").

The Court will now consider Rose's "appeal" of that finding. *See Christman*, 712 F. Supp. 2d at 653 n.2 ("First, the district court will determine whether an exception to mandatory detention under § 3143(a)(2) applies in the defendant's case. If not, then the defendant will 'appeal' that decision to the district judge who just denied his release. The district judge will then evaluate whether the conditions under § 3145(c) are satisfied to justify release.") (internal citations omitted); *see also United States v. Cook*, 42 F. App'x 803, at *1 (6th Cir. 2002) ("The parties agree

that were § 3143(a)(2) the only consideration, the defendant could not be released pending sentencing. However, the defendant contends that the district court was required to consider her release under the provisions of 18 U.S.C. § 3145(c)."). Here, again even assuming that Rose is not a flight or danger risk, he still has not shown "exceptional reasons" that warrant his release pending sentencing under 18 U.S.C. § 3145(c). *See United States v. Sykes*, 807 F. App'x 553, 554 (6th Cir. 2020) ("A defendant subject to detention under § 3143(a)(2) may also be released if he satisfies the conditions of § 3143(a)(1) and clearly establishes 'exceptional reasons why [his] detention would not be appropriate.'") (quoting 18 U.S.C. § 3145(c)).

As "exceptional reasons," Rose represents that he "has been dealing with various health issues, including recent surgery for removal of his gall bladder and extreme pain from a torn rotator cuff" and that he had surgery scheduled for his rotator cuff on May 10, 2024. [R. 16, p. 1]; *see also* [R. 16-1]. "Courts generally agree that the term 'exceptional reasons' is limited to those situations which are 'out of the ordinary,' 'uncommon,' or 'rare.'" *United States v. Owen*, No. 3:20-CR-70-RGJ, 2024 WL 2338267, at *2 (W.D. Ky. May 22, 2024) (collecting cases). And "[a]n immediate medical need—such as impending, required surgery—may be an exceptional reason justifying release." *United States v. Varney*, No. CRIM. 12-09-ART-HAI, 2013 WL 2406256, at *1 (E.D. Ky. May 31, 2013). However, Rose's motion represents that his surgery was scheduled for May 10, 2024, which was more than a month ago, and under that timeline, Rose has presumably spent the last several weeks recuperating. *See* [R. 16, p. 1]; *see also* [R. 16-1]. Further, his motion "does not show (or even argue) that he would receive inadequate medical care while in custody." *Varney*, 2013 WL 2406256, at *1. The Court therefore finds Rose has not demonstrated "exceptional reasons" to justify his release pending sentence.

### III. Conclusion

For the foregoing reasons, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Rose's motion for release pending sentencing **[R. 16]** is **DENIED**.

2. Rose **SHALL self-surrender** to the custody of the United States Marshals Service **on or before 2:00 p.m. on June 24, 2024.**

This the 17th day of June, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY